In re:                                                      Case No. 13-00429-MDF
Thomas J. Tolbert                                           Chapter 13
          Debtor
# CERTIFICATE OF NOTICE

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 05, 2016.
```
db          #+Thomas J. Tolbert,    1638 Naudin Street,    Harrisburg, PA 17104-2256
cr          +PNC Mortgage,    3232 Newmark Drive,    Miamisburg, OH 45342-5433
4252926     +Bureau of Employer Tax Oper,    P.O. Box 68568,    Harrisburg, PA 17106-8568
4280723      FIA CARD SERVICES, N.A.,    4161 Piedmont Parkway,    NC4 105 03 14,    Greensboro, NC 27410
4252930     +Office of Attorney General,    Financial Enforcement Section,    Harrisburg, PA 17120-0001
4252934     +PNC Mortgage,    3232 Newark Dr.,    Miamisburg, OH 45342-5433
4252936     +U.S. Department of Justice,    P.O. Box 227,    Ben Franklin Station,    Washington, DC 20044-0227
4252935     ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
            (address filed with court:  U.S. Bank,    Mortgage Services,    PO Box 524,
             Saint Louis, MO  63166)
4252937      United States Attorney,    P.O. Box 11754,    Harrisburg, PA  17108-1754
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4252924      E-mail/Text: USTPRegion03.HA.ECF@USDOJ.GOV Aug 03 2016 18:43:51      Anne K. Fiorenza, Esq.,
             Assistant U.S. Trustee,    P.O. Box 969,    Harrisburg, PA 17108-0969
4252925      EDI: BANKAMER.COM Aug 03 2016 18:48:00      Bank of America,    PO Box 982235,
             El Paso, TX  79998
4252927     +E-mail/Text: collections@gmfcu.com Aug 03 2016 18:43:59      General Mill Federal Credit Union,
             9999 Wayzata Blvd,    Minnetonka, MN 55305-5513
4322667     +E-mail/Text: collections@gmfcu.com Aug 03 2016 18:43:59      General Mills Federal Credit Union,
             9999 Wayzata Blvd.,    Minnetonka, MN 55305-5513
4252928      EDI: IRS.COM Aug 03 2016 18:48:00      Internal Revenue Service,    PO Box 7346,
             Philadelphia, PA  19101-7346
4252931      E-mail/Text: USTPRegion03.HA.ECF@USDOJ.GOV Aug 03 2016 18:43:51      Office of the U.S. Trustee,
             P.O. Box 969,    Harrisburg, PA 17108-0969
4252932      E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 03 2016 18:43:49      PA Department of Revenue,
             Department 280946,    Attn: Bankruptcy Division,    Harrisburg, PA 17128-0946
4319113      EDI: PRA.COM Aug 03 2016 18:48:00      Portfolio Recovery Associates, LLC,    POB 12914,
             Norfolk VA 23541
4252938      EDI: USBANKARS.COM Aug 03 2016 18:48:00      US Bank,    Cb Disputes,    PO Box 108,
             Saint Louis, MO  63166
                                                                             TOTAL: 9
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4252933      Palding County
4252929     ##+Abrahamsen & Associates,    120 N. Keyser Ave,    Scranton, PA 18504-9701
                                                              TOTALS: 1, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 05, 2016                           Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 3, 2016 at the address(es) listed below:
      Charles J. DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,   TWecf@pamd13trustee.com
      John Matthew Hyams    on behalf of Debtor Thomas J. Tolbert jmh@johnhyamslaw.com,
      jak@johnhyamslaw.com,jsa@johnhyamslaw.com
      Joshua I Goldman    on behalf of Creditor   PNC BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com,
      bkgroup@kmllawgroup.com
      United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                          TOTAL: 4

**Information to identify the case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Thomas J. Tolbert** | | Social Security number or ITIN | **xxx–xx–7139** |
| | First Name   Middle Name   Last Name | | EIN | _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN | _ _ _ _ |
| | | | EIN | _ _ – _ _ _ _ _ _ _ |

United States Bankruptcy Court  **Middle District of Pennsylvania**

Case number:  **1:13–bk–00429–MDF**

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Thomas J. Tolbert

**By the court:**   *Mary D. France*

August 3, 2016

Honorable Mary D. France
United States Bankruptcy Judge

By: DDunbar, Deputy Clerk

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

#### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

| |
|---|
| **This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.** |